IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| WILEMON FOUNDATION, INC. and R.J. WILEMON, LLC | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 1:19-CV-136-GHD-DAS |
| DANNY WAYNE WILEMON | DEFENDANTS |
| VS. | |
| SHONDA WILEMON SHARPE; et al. | CROSS-DEFENDANTS |

## OPINION GRANTING PUTATIVE CROSS-DEFENDANTS' MOTIONS TO DISMISS

Presently before the Court are the motions [21, 25, 28] of the putative Cross-Defendants Phelps Dunbar, LLP, Shonda Wilemon Sharpe, and Thomas W. Sharpe to dismiss the Defendant Danny Wayne Wilemon's putative cross-claims. Upon due consideration, the Court finds that the motions should be granted and the Defendant's putative cross-claims [11, 12] dismissed without prejudice.

*Factual Background*

The underlying Complaint [1] in this action was filed on July 19, 2019. The Defendant filed his Answer on September 11, 2019, and included a counterclaim against the Plaintiffs [10]. On September 20, 2019, the Defendant then filed a putative cross-claim [11, 12] against Phelps Dunbar, LLP, Shonda Wilemon Sharpe, and Thomas W. Sharpe, all three of whom have moved to dismiss.

*Analysis*

*a. Rule 13 Crossclaims*

Federal Rule of Civil Procedure 13(g) provides that "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of a transaction or occurrence that

is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject of the original action." Fed. R. Civ. P. 13(g). It is axiomatic that a crossclaim can only be asserted against a coparty, and that coparty must be a party to the underlying action at the time the crossclaim is filed. *Ambraco Inc. v. Bossclip BV*, 570 F.3d 233, 242 (5th Cir. 2009). A putative crossclaim that is filed against a non-party to the action must be dismissed. *Id.*; *Crews & Assocs. V. City of Port Gibson*, No. 5:14CV37-DCB-MTP, 2014 WL 12641994, at *2 (S.D. Miss. Oct. 14, 2014). Here, the putative cross-defendants are non-parties to this action; accordingly, the Defendant's crossclaim against them shall be dismissed.

### b. Rule 14 Third-Party Claims

Under Rule 14 of the Federal Rules of Civil Procedure, a defending party may, as a third-party plaintiff, serve a summons and complaint on a non-party, but only if that non-party "is or may be liable to [the defending party] for all or party of the claim against it." Fed. R. Civ. P. 14(a)(1). As the Fifth Circuit has long made clear, however, such a third-party complaint is legally sufficient only if the putative third-party defendant may be liable to the defendant/third-party plaintiff for part or all of the underlying original plaintiff's recovery against that defendant/third-party plaintiff. See, e.g., *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749 (5th Cir. 1967) (holding that a third-party complaint is appropriate "only in cases where the third-party's liability was in some way derivative of the outcome of the main claim."); *Crews & Assocs.*, 2014 WL 12641994, at *3 (such an action "is proper only where the third-party defendant's liability is dependent on the outcome of the main action, such as a claim for contribution.").

Should the Defendant wish to pursue a third-party claim against one or more of three putative cross-defendants, Rule 14 provides the roadmap for third-party practice. The counter-claims that the Defendant asserted against the original Plaintiffs, Wilemon Foundation, Inc. and

2

R.J. Wilemon, LLC, in his Answer [10] to the original Complaint, remain as viable pending counter-claims as pled.

*Conclusion*

As outlined herein, the Court finds that the motions of the putative cross-defendants Phelps Dunbar, LLP, Shonda Wilemon Sharpe, and Thomas W. Sharpe to dismiss the Defendant Danny Wayne Wilemon's cross-claims should be granted, and that the Defendant Danny Wayne Wilemon's crossclaims against these three non-parties should be dismissed without prejudice.

An order in accordance with this opinion shall issue this day.

THIS, the 27 day of January, 2020.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE