UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRTICT OF MISSISSIPPI
ABERDEEN DIVISION

**WILEMON FOUNDATION, INC. and**
**R. J. WILEMON, LLC**                                                                        **PLAINTIFFS**

**V.**                                                   **CIVIL ACTION NO. 1:19 CV-136-GHD-DAS**

**DANNY WAYNE WILEMON**                                                       **DEFENDANT**

<u>**ORDER QUASHING SUBPOENAS DUCES TECUM**</u>

Pending before the court is the defendant's motion to quash four subpoenas duces tecum issued by the plaintiffs, seeking the defendant's banking records from Bancorp South and from the Tennessee based Sevier County Bank.

### 1.  <u>Factual and Procedural Background</u>

The plaintiffs in this action are Wilemon Foundation, Inc., (hereafter the foundation) a charitable tax-exempt foundation, and R.J. Wilemon, LLC, (hereafter LLC), a Mississippi limited liability company.  According to the plaintiffs' complaint, the foundation holds the majority interest in the LLC, with the minority interest, at some time having been donated to the Create Foundation.  The LLC was involved in construction and management of apartments and other rental properties.  The foundation and LLC were both formed by R.J. Wilemon, the defendant's father, who died in 2012.  The Foundation gained control of the limited liability company and its holdings on R.J. Wilemon's death.

The defendant, Danny Wayne Wilemon, (hereafter Wilemon) was the Chair of the Board of the foundation and the manager of the LLC after his father's death.  He was removed from both positions in June 21, 2017, and replaced in both positions by his daughter, Shonda Wilemon Sharpe.

The complaint alleges that after Wilemon's removal, the plaintiffs discovered he had converted checks, refunds, and cash belonging to the plaintiffs; charged personal and excessive expenses to business credit cards; converted rent monies; and during 2014 and 2015, converted proceeds of real estate sales. The complaint further alleges that he paid himself unauthorized and excessive commissions on the sales of real properties and that the losses run into hundreds of thousands of dollars.

**2. Analysis**

The plaintiffs' subpoenas seek complete banking records from Wilemon's known personal accounts at Bancorp South and Sevier County Bank and information regarding any other accounts created by Wilemon or over which he has signatory authority at these banks.

Wilemon's motion to quash asserts that the subpoenas are overbroad and a fishing expedition designed to overcome what he claims is a statute of limitations defense that is obvious from the face of the complaint. He complains that the subpoenas improperly seek seven years of his financial records and would also seek discovery of his wife's accounts and possibly other non-parties' financial information.

Most importantly, Wilemon asserts he was advised on March 11, 2020, that a state criminal investigation into the allegations set out in the complaint is ongoing. While he had been aware of a criminal investigation earlier, he believed the district attorney's office had elected not to pursue the matter. He objects that the discovery in this action could serve as a resource to the state court prosecution.

The plaintiffs' response addresses many of the defendant's complaints regarding the alleged overbreath of the subpoenas. The defendant lacks the standing to make some of the objections set forth in the motion to quash. The court agrees that, given the allegation of a

course of conversion of corporate funds, the defendant's banking records ultimately are going to be discoverable.  It is also inclined to think that the scope of discovery will cover all accounts on which the defendant is a signatory, though a protective order may be needed to protect the privacy interests of any non-party account holders.

But the court is not satisfied with the plaintiffs' response regarding the parallel state criminal investigation.  The plaintiff acknowledges that the investigation is ongoing and that the plaintiffs are cooperating with that investigation, which the court certainly does not suggest is improper.  The plaintiff seems to take the position that the discovery sought is immaterial to the criminal proceeding, arguing they know the state investigation has records from Bancorp South and may have records from the Tennessee bank and that their receipt of the same makes no difference.  The court finds this approach takes too narrow a view of the interests implicated by the existence of the criminal investigation.

The court's concern focuses on the broader problem created in this civil action because of the criminal investigation and possible prosecution.  The defendant has indicated that he intends to seek a stay or the court's abstention of these proceedings during the pendency of the criminal investigation.  Because Wilemon is the target of a criminal investigation, and because "the facts at issue in both the present suit and the criminal investigation are the same, a stay of these proceedings" even if for an extended period of time, may well be appropriate, even necessary. *Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D. La. 1989).  As in other similar cases, where "there is a real and appreciable risk of self-incrimination, an appropriate remedy would be a protective order postponing civil discovery until termination of the criminal action." *Id.* (quoting *United States v. Kordel,* 397 U.S. 1, 8–9(1970)).

Given that the court may be required to stay these proceedings for an extended period of time, the defendant should be given the opportunity to present his motion to have the court stay or abstain from the case, pending the resolution of any criminal investigation or prosecution before allowing any discovery. The court therefore:

**ORDERS** as follows:

1. The defendant, Dan Wilemon, shall file his motion to dismiss, stay, or abstain, with supporting memorandum of law, not later than May 29, 2020. The parties shall, in their motions and responses provide the court with available information about the status of the state criminal investigation and the applicable state statutes of limitation for potential charges.

2. That the subpoenas duces tecum issued to Bancorp South and Sevier County Bank are hereby quashed.

SO ORDERED this the 13th day of May, 2020.

/s/ David A. Sanders
**U.S. MAGISTRATE JUDGE**