# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**WILEMON FOUNDATION, INC. and**
**R. J. WILEMON, LLC**                                                                                              **PLAINTIFFS**

**V.**                                          **CIVIL CAUSE NO.: 1:19-CV-136-GHD-DAS**

**DANNY WAYNE WILEMON**                                                                     **DEFENDANT**

## ORDER

On February 10, 2021, the court heard oral arguments from counsel for plaintiffs, counsel for defendants, and counsel for Gregory D. Pirkle and Phelps Dunbar, LLP on the following motions pending before the court:

- Gregory D. Pirkle's Motion to Quash Subpoena and for Other Relief (Docket 88),
- Plaintiffs' Motion to Quash or Limit Subpoenas Duces Tecum on BancorpSouth Bank (Docket 89),
- Plaintiffs' Motion to Quash or Limit Subpoena Duces Tecum to Phelps Dunbar, LLP (Docket 90), and
- Phelps Dunbar, LLP's Motion to Quash Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and for Other Relief (Docket 96).

The court has considered the arguments of counsel as well as the briefs submitted and will address each of the motions in turn.

**I. Gregory D. Pirkle's Motion to Quash Subpoena and for Other Relief**

On December 17, 2020, Gregory D. Pirkle ("Pirkle") was served with a deposition subpoena issued by defendant Danny Wayne Wilemon. Docket 88, 88-1. Pirkle states that in his capacity as a partner of the law firm of Phelps Dunbar, LLP, he provided legal services to the plaintiffs in this action and asks the court to quash the deposition subpoena based on attorney-client privilege and attorney work product privilege. *Id.*

The defendant maintains that Pirkle acted in various roles beyond providing legal advice to the plaintiffs and that his testimony is directly relevant to the defendant's defenses to this action. Docket 94, 95. The defendant claims that that the attorney-client privilege does not apply to the business and personal services Pirkle provided and further asserts that Pirkle has not alleged that any of the information sought was prepared in anticipation of litigation for trial and is protected under the attorney work product privilege. *Id*.

The courts have long frowned upon attempts to subject attorneys to discovery. It is fundamental unfair to allow counsel to "borrow" his opponents wits or diligence. *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451(1947) The courts have recognized the potential problems posed for the courts, the legal profession, and attorney-client relationships anytime a lawyer is deposed in his client's case. Therefore, depositions are rarely allowed. Only in the exceptional case where counsel's prelitigation conduct has made the lawyer a fact witness in the case, or where there is no practical alternative, will the courts allow lawyers to be deposed.

The court finds this to be one of the rare instances where an attorney's prelitigation conduct is relevant to the claims and defenses at issue which is confirmed in part by the plaintiffs' admission that it will not assert privilege or raise objections regarding Pirkle's testimony as to R.J. Wilemon LLC from September 16, 2012 through June 21, 2017, the date of the defendant's removal as manager of R.J. Wilemon, LLC. Accordingly, the defendant is permitted to depose Pirkle on matters related to this period. The court notes Pirkle's request that the court further limit the scope of the deposition or require the plaintiff to provide an outline of deposition topics in advance; however, the court sees no practical way of articulating such limitations at the current time. The undersigned Magistrate Judge will be available at the

scheduled time of the deposition to address any disputes regarding objections based on privilege and/or relevance should any arise.

## II. Plaintiffs' Motion to Quash or Limit Subpoenas Duces Tecum on BancorpSouth Bank

On December 22, 2020, the defendant issued four subpoenas *duces tecum* to BancorpSouth requesting all bank records and all communications from September 16, 2012 through the date of production for R.J. Wilemon, LLC and Wilemon Foundation, Inc. Docket 89. The plaintiffs object, arguing that these subpoenas are overly broad and seek confidential information that is privileged and irrelevant to any claims or defenses in this case. *Id*.

The plaintiffs ask the court to limit the scope of the subpoenas for bank records and communications for R.J. Wilemon, LLC to September 16, 2012 through June 21, 2017, the date defendant was removed as manager of R.J. Wilemon noting the Complaint does not allege any conversion after his removal. *Id*. Regarding the subpoenas for bank records and communications for Wilemon Foundation, Inc., the plaintiffs ask the court to quash these subpoenas entirely because "there are no allegations in the Complaint that the Defendant converted funds that had been deposited into accounts of the Wilemon Foundation, Inc." *Id*.

In response, the defendant argues that the "reasonableness of his compensation" is directly at issue in this litigation and the requested information bears directly on that point, including the bank records and communications after June 21, 2017. Docket 98. The defendant argues that bank records and communications from the Wilemon Foundation, Inc. bear on his daughter's "management, or mismanagement" of the Foundation under her leadership. *Id*. He claims the information sought is relevant and may lead "to information that would serve to impeach the very foundation of Plaintiffs' claims and provide the basis for proper counter-claims." *Id*.

As for the subpoena *duces tecum* for bank records and communications for R.J. Wilemon, LLC, the court finds that the documentation sought between September 16, 2012 and June 21, 2017 is relevant to the claims and defenses in this action, therefore the plaintiffs' request to limit the scope of those subpoenas in time is granted. However, the court finds that the defendant has not made a compelling argument as to why the bank records and communications from Wilemon Foundation, Inc. are relevant to this action, especially in the absence of any allegation that the defendant converted foundation funds. Should discovery reveal information bearing on the relevance of these records and communications, the court will reconsider the issue accordingly. The plaintiff's motion to quash the subpoenas *duces tecum* to BancorpSouth for Wilemon Foundation, Inc. is granted.

### III. Plaintiffs' Motion to Quash or Limit Subpoena Duces Tecum to Phelps Dunbar, LLP and Phelps Dunbar, LLP's Motion to Quash Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and for Other Relief

The plaintiffs moved to quash a subpoena *duces tecum* the defendant issued to non-party Phelps Dunbar on December 22, 2020, seeking the articles of incorporation, bylaws, minutes, resolutions, corporate documents for Wilemon Foundation, Inc. and any authorizations and/or the endowment of charitable donations/gifts. Docket 90. The subpoena *duces tecum* also seeks similar corporate documentation related to R.J. Wilemon, LLC. *Id*.

Phelps Dunbar, LLP has also moved to quash the same subpoena *duces tecum*, as well as a second subpoena requesting all communications related to defendant. Docket 96. Phelps Dunbar, LLP argues the subpoenas impose an undue burden and that the information sought is in the possession of the parties and should be sought through discovery. *Id*. The court agrees.

Rule 45(c)(3)(A)(iv) allows a court to quash or modify a subpoena when it "subjects a person to undue burden." In determining whether to quash an unduly burdensome subpoena

pursuant to Rule 45, a court must balance the burden on the person versus the benefit to the party. *See Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 817-818 (5th Cir. 2004). "To determine whether the subpoena presents an undue burden, [the court must] consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id*. at 818.

Here, the court finds that the subpoenas to Phelps Dunbar, LLP impose an unreasonable burden considering Federal Rule of Civil Procedure 34 offers a means by which the defendant can request the same information from the plaintiffs without requiring a non-party to discern what information is protected by privilege in compliance with the Mississippi Rules of Professional Conduct. The court finds that Phelps Dunbar, LLP's Motion to Quash Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and for Other Relief is **GRANTED**. Accordingly, the plaintiff's motion to quash is moot.

In summary, Gregory D. Pirkle's Motion to Quash Subpoena and for Other Relief is granted in part and denied in part. The defendant is permitted to depose Pirkle on matters regarding R.J. Wilemon, LLC from September 16, 2012 through June 21, 2017.

The plaintiffs' Motion to Quash or Limit Subpoenas Duces Tecum on BancorpSouth Bank is granted. The defendant's subpoena *duces tecum* for bank records and communications for R.J. Wilemon, LLC is limited in scope to records and communications between September 16, 2012 and June 21, 2017. The plaintiffs' request to quash the subpoenas *duces tecum* to BancorpSouth for Wilemon Foundation, Inc. is granted.

Phelps Dunbar, LLP's Motion to Quash Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and for Other Relief is granted and the plaintiff's Motion to Quash or Limit Subpoena Duces Tecum to Phelps Dunbar is found moot.

**SO ORDERED**, this the 11th day of February, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**