**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**WILEMON FOUNDATION, INC. and
R. J. WILEMON, LLC**                                                         **PLAINTIFFS**

**V.**                                                   **CIVIL CAUSE NO.: 1:19-CV-136-GHD-DAS**

**DANNY WAYNE WILEMON**                                                        **DEFENDANT**

## ORDER

On February 11, 2021, the undersigned entered an order on the following motions:

(1) Gregory D. Pirkle's Motion to Quash Subpoena and for Other Relief (Docket 88),
(2) Plaintiffs' Motion to Quash or Limit Subpoenas Duces Tecum on BancorpSouth Bank (Docket 89),
(3) Plaintiffs' Motion to Quash or Limit Subpoena Duces Tecum to Phelps Dunbar, LLP (Docket 90), and
(4) Phelps Dunbar, LLP's Motion to Quash Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and for Other Relief (Docket 96).

Docket 104. The order granted in part (1) Gregory D. Pirkle's Motion to Quash Subpoena and for Other Relief, limiting the scope of the deposition to matters regarding R.J. Wilemon, LLC from September 16, 2012 through June 21, 2017. The court granted (2) the plaintiffs' Motion to Quash or Limit Subpoenas Duces Tecum on BancorpSouth Bank, limiting the subpoena *duces tecum* for bank records and communications for R.J. Wilemon, LLC to records and communications between September 16, 2012 and June 21, 2017 and quashing the subpoenas *duces tecum* to BancorpSouth for bank records and communications for Wilemon Foundation, Inc. The court granted (3) Phelps Dunbar, LLP's Motion to Quash Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and for Other Relief and found (4) the plaintiff's Motion to Quash or Limit Subpoena Duces Tecum to Phelps Dunbar moot.

On March 11, 2021, defendant Danny Wayne Wilemon filed a Motion to Reconsider, Alter or Amend the court's February 11, 2021 order, arguing that it "did not require the parties moving to quash the subpoenas to prove that compliance with them would be 'unreasonable and oppressive' or to prove that privilege existed with any level of specificity." Docket 111. The defendant states that "not a single specific document responsive to the subpoenas was identified as being privileged" and requests that the court "deny the motions to quash […] in their entirety." *Id*. Phelps Dunbar LLP ("Phelps") and Gregory D. Pirkle ("Mr. Pirkle") responded to the defendant's motion insofar as it addressed the deposition subpoena to Mr. Pirkle and the subpoena *duces tecum* to Phelps. Docket 113, 114. The plaintiffs did not submit a response. The court heard oral arguments on April 14, 2021 and finds that the motion to reconsider should be granted in part. The court will address each of the original motions in turn.

### I. Greg Pirkle's Motion to Quash Subpoena

Mr. Pirkle moved to quash the deposition subpoena served on him on the basis of attorney-client privilege and attorney work product privilege. Docket 88. The motion states that he is a partner at Phelps and provided legal services to the plaintiffs Wilemon Foundation, Inc. and R.J. Wilemon, LLC. Mr. Pirkle asked the court to quash the deposition subpoena altogether or alternatively enter a protective order "excusing Mr. Pirkle from answering and preventing Plaintiffs from asking any questions that would require the undersigned to breach the attorney-client privilege or disclose information protected by the attorney work product privilege." In his reply, Mr. Pirkle argued that the subpoena was unduly burdensome in that it will require Mr. Pirkle to prepare to testify about a huge amount of information while maintaining attorney-client privilege and confidentiality. Docket 97.

The defendant argues that the court's order limiting the scope of Mr. Pirkle's deposition to matters regarding R.J. Wilemon, LLC from September 16, 2012 through June 21, 2017 is erroneous, claiming that "Mr. Pirkle's knowledge and history with the Wilemon family and the Wilemon family business (for the entirety of the relationship) is relevant" to the defendant's defenses in this action. Docket 112.

Federal Rule of Civil Procedure 45 provides that the court must quash a subpoena when it imposes an "undue burden" on the individual subpoenaed. The moving party has the burden of proof "to demonstrate that compliance with the subpoena would be 'unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir.2004). Whether a subpoena is unreasonable and oppressive (substantively equivalent to "undue burden") is a fact-based inquiry, where the court applies recognized factors to the case. *See id.* (outlining relevant factors). For a subpoena *ad testificandum,* those factors are: (1) the relevancy of the proposed testimony; (2) the need for the testimony; (3) the breadth of the subpoena; (4) availability of the testimony by other means; (5) burden on the subpoenaed party in obeying the subpoena. Collapsed down to its essence, the inquiry is one of balancing burden against benefit. *E.A. Renfroe & Co. v. Moran*, No. 2:06-CV-1752-WMA, 2007 WL 4276906, at *2 (N.D. Miss. Dec. 3, 2007).

The defendant states that he would elicit testimony from Mr. Pirkle on topics including his receipt of commissions on the sale of real estate properties and management fees – both "critical issues" he claims to have discussed with Mr. Pirkle and relied on Mr. Pirkle's advice regarding. The defendant states he received management fee checks signed by Mr. Pirkle and claims that they discussed the family business, the "title properties" and "other issues" that are a "critical part" of the defendant's defenses in this case. These assertions directly relate to the

relevance of and need for Mr. Pirkle's testimony. However, the court notes references to matters about which Mr. Pirkle has knowledge that appear to have no relation to the claims made in this action including but not limited to authoring R.J. Wilemon's and Ruth Wilemon's wills, devising a complex estate plan, providing legal services to R.J. Wilemon and Ruth Wilemon, and various business, trust, estate-related transactions.

Excluding matters implicating attorney/client privilege and work product protections as well as topics outside the confines of the limitations on discovery imposed by Federal Rule of Civil Procedure 26, the resulting scope of the deposition should be sufficiently narrow. As for the areas of inquiry that **directly relate to the currently pending claims and defenses in this case**, the court appreciates that Mr. Pirkle possesses knowledge and information the defendant contends directly supports his claims and defenses. For these reasons, on reconsideration the court now finds that the deposition subpoena does not pose an undue burden on Mr. Pirkle insofar as the scope of inquiry is narrowly tailored to the claims and defenses at issue in this case. As stated in the court's February 11, 2021 order, the undersigned Magistrate Judge will be available at the scheduled time of the deposition to address any disputes regarding objections based on privilege and/or relevance should any arise. The court withdraws the limitations previously imposed on the scope of Mr. Pirkle's subpoena and will permit the defendant to proceed with Mr. Pirkle's deposition to the extent that it complies with the limitations imposed herein.

II. **Plaintiffs' Motion to Quash or Limit Subpoenas Duces Tecum to BancorpSouth Bank**

The defendant issued four subpoenas *duces tecum* to BancorpSouth Bank ("BancorpSouth") for the plaintiffs' bank records and communications from September 16, 2012 through the date of production. The court's order limited the scope of the SDT as it related to

R.J. Wilemon, LLC and quashed the request for communications and documents related to Wilemon Foundation, Inc. on the basis of relevance. On reconsideration, the court finds that this ruling was in error.

Initially, the court must address the plaintiffs' standing to oppose subpoenas issued to third parties. "Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45." *Mitchell v. Cenlar Cap. Corp.*, No. 3:16-CV-814-WHB-JCG, 2018 WL 10408902, at *1 (S.D. Miss. Feb. 28, 2018) (internal citation omitted). Ordinarily, a party does not have standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents. *Coleman v. Swift Transportation Co. of Arizona, LLC*, No. 3:13CV3-M-A, 2013 WL 12178160, at *2 (N.D. Miss. Aug. 23, 2013) (citing 9A Charles Wright & Arthur Miller, *Federal Practice & Procedure*, § 2459). Generally speaking, a party has standing to challenge a subpoena issued to a non-party if the subpoena seeks confidential or protected information sensitive to the movant. *See Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979) (finding that a party did not have standing to challenge a subpoena without asserting some personal right or privilege); *see also Ezell v. Parker*, No. 2:14-CV-150-KS-MTP, 2015 WL 859033, at *1 (S.D. Miss. Feb. 27, 2015) ("a party has standing to challenge a subpoena issued to a non-party if the subpoena seeks proprietary, confidential, or protected information sensitive to the party"). However, a party may not challenge a subpoena made to a third-party on the grounds that the information sought is not relevant or imposes an undue burden. *Keybank Nat. Ass'n. v. Perkins Rowe Assocs., L.L.C.*, No. CIV.A. 09-497-JJB-SR, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011) (internal citation omitted).

Here, the plaintiffs objected to the BancorpSouth subpoenas on the basis that they were "overly broad, beyond the scope of permissible discovery, and attempt[ed] to get confidential and privileged business information." Docket 89, 90. The only objections to the subpoenas the court should have considered were the plaintiffs' arguments that they impermissibly sought "confidential and privileged business information" as this is the only grounds on which the plaintiffs have standing to challenge a third-party subpoena.

While there is little case law on what constitutes a "personal right or privilege," courts "have generally found standing when the party had an evidentiary privilege as to the documents." *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 785 (S.D. Tex. 2005). Considering requests for bank records, "courts have recognized that bank documents contain only information voluntarily conveyed to the banks, to which a depositor has no legitimate expectation of privacy." *Higar v. Task Force of Texas, LLC*, No. 217CV00060JRGRSP, 2018 WL 4999962, at *1 (E.D. Tex. May 28, 2018) (citing *United States v. Miller*, 425 U.S. 435, 442–43 (1976) (noting "[t]he depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to [another]") and *United States v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007) ("Typically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right")). While some courts have held that a party's claimed privilege as to personal bank account records is sufficient to confer standing for purposes of challenging a subpoena, the party must offer more than "vague legal conclusions and speculat[ions]" about the existence of a threatened personal privilege to actually succeed on the motion. *United States v. Gordon*, 247 F.R.D. at 510 (internal citation omitted).

The plaintiffs' blanket assertions that the BancorpSouth subpoenas are "overly broad, beyond the scope of permissible discovery, and attempt[] to get confidential and privileged information" are insufficient to confer standing. The plaintiffs – both corporate entities – have failed to identify any personal right or privilege with respect to their own business records and thus their motion to quash should have been denied.

III. **Plaintiffs' Motion to Quash or Limit Subpoena Duces Tecum to Phelps Dunbar, LLP and Phelps Dunbar, LLP's Motion to Quash Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and for Other Relief**

The defendant issued two subpoenas *duces tecum* to Phelps. The first seeks the production of various types of documents which involve the defendant in some capacity or reflect communications with or about the defendant; the second requests various corporate documents related to Wilemon Foundation, Inc., R.J. Wilemon Foundation Endowment, Create Foundation, Inc., and R.J. Wilemon, LLC.

a. **The Plaintiff's Motion to Quash**

The court will first address the plaintiffs' motion to quash the subpoena requesting the following information:

> Articles of incorporation, bylaws, minutes, resolutions, and other corporate documents/actions of Wilemon Foundation, Inc. ("WF") and/or R.J. Wilemon Foundation Endowment, Create Foundation, Inc. (Endowment); 2. Authorizations by WF and/or the Endowment of charitable donations/gifts; 3. Member/manager/operating/capital contribution agreements, minutes, resolutions and other company documents/actions of R.J. Wilemon, LLC ("RJW"); 4. Assignments and transfers of interests in RJW.

The motion generally argues that the subpoena is overly broad and seeks information that is confidential, privileged, and irrelevant to the claims or defenses in the case. The only specific arguments the plaintiffs make as to why their motion should be granted involve the relevance of the requested documents to this action. Again, the court finds that the plaintiffs have not asserted

a personal right or privilege in the requested information sufficient to confer standing for the purposes of challenging the subpoena. As stated herein, a party may not challenge a subpoena made to a third-party on the grounds that the information sought is irrelevant. *Keybank Nat. Ass'n. v. Perkins Rowe Assocs., L.L.C.*, No. CIV.A. 09-497-JJB-SR, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011). Further, without an explanation as to why the requested information is confidential and privileged, the court should have denied the plaintiff's motion.

### b. Phelps' Motion to Quash

Phelps moved to quash both of the subpoenas *duces tecum* on the basis that they place an undue burden on Phelps and seek information that is in the possession, custody, or control of the parties and should be sought through the normal discovery process.

As outlined in Section I. the court must quash a subpoena when it imposes an "undue burden" on the individual subpoenaed. *See* Fed.R.Civ.P. 45(c)(3)(A)(iv). The court's determination as to whether a non-party's compliance with a subpoena *duces tecum* would be "unreasonable and oppressive" considers: (1) the relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d at 818.

In its motion, Phelps concedes that "it is likely some of the requested information is relevant" yet cites the plaintiffs' arguments that requested documentation exceeds the scope of the plaintiffs' claims in time and substance. Phelps states that the breadth of the two subpoenas would require Phelps to review every document in the plaintiffs' files to determine whether it is responsive and whether the plaintiffs have a privilege in said documents. Phelps contends that the defendant should seek the information in discovery and the plaintiffs can "appropriately

withhold privileged documents or determine if any privilege should be waived" rather than having the documents produced by a non-party. *See E.A. Renfroe & Co. v. Moran*, No. 2:06-CV-1752-WMA, 2007 WL 4276906, at *7 (N.D. Miss. Dec. 3, 2007) (finding where a party possesses the information "it seems easier, especially absent any indication to the contrary, to get that information from the [party]").

The courts February 11, 2021 order found that the subpoenas to Phelps imposed an unreasonable burden considering the defendants ability to request the same information from the plaintiffs under Federal Rule of Civil Procedure 34. On reconsideration, the court affirms this ruling as to the subpoena requesting corporate documents related to Wilemon Foundation, Inc., R.J. Wilemon Foundation Endowment, Create Foundation, Inc., and R.J. Wilemon, LLC.

The defendant has not alleged that he is unable to obtain this information directly from the plaintiffs – rather, he has yet to propound any discovery requests for the subpoenaed documents. Federal Rule of Civil Procedure 34 provides that a "[a] party may serve on any other party a request within the scope of Rule 26(b)" to produce any designated document within the "responding party's possession, custody, or control." "If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a nonparty." *Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*, No. CV L-09-114, 2011 WL 13135608, at *1 (S.D. Tex. June 28, 2011) (citing *In re Flag Telecom Holdings, Ltd. Sec. Litigation*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006)). While Phelps may have physical possession of these documents, they are deemed to be in the plaintiffs' possession because the plaintiffs retain control over the documents. *Id*. (citing *Am. Soc'y for Prevention of Cruelty to Animals v. Ringling Bros.*, 233 F.R.D. 209, 212 (D.D.C. 2006) ("Because a client has the right, and the ready ability, to obtain copies of documents gathered or

created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control.")).

Moreover, Rule 45 subpoenas are not intended to circumvent the regular discovery process under Rules 26 and 34. *Id*. at *2. If documents are available from a party, "it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them" pursuant to Rule 45. *Id*. (citing *Thomas v. IEM, Inc.*, 2008 WL 695230, at *2 (M.D. La. March 12, 2008)); *see also Suntrust Mortgage, Inc. v. Busby*, 2009 WL 5511215, at *2 (W.D.N.C. Dec 18, 2009) (holding "where the sought-after documents are within the possession, custody, or control of a party, it is not appropriate to employ Rule 45 to secure such documents from a non party attorney who may also be in possession of the documents or copies").

Here, the appropriate avenue for obtaining the subpoenaed documents is via a discovery request under Rule 34. The plaintiffs either have the documents and can produce or assert whatever objections they believe are appropriate, or, if they do not have physical custody of the documents, they can secure copies from Phelps and then produce the documents or assert any applicable objections.

Finally, the court's order did not directly address the subpoena requesting communications involving the defendant. The subpoena seeks

> 1. Communications from you to Danny Wayne Wilemon ("Dan") and from you on which Dan was copied; 2. Appointment records showing Dan's name; 3. Documents prepared by you that were sent or shown to Dan; 4. Agreements, contracts, legal instruments, and other documents prepared or sent by you that relate to Dan's duties and/or compensation or that were executed or reviewed by Dan; 5. Notes of conferences/meetings/conversations during which Dan was present physically or by telephone.

On review, the court finds no basis for quashing this subpoena. While it is conceivable that some of the documents responsive to this subpoena may be in the plaintiffs' possession, custody, or

control, the majority of the documents requested exclusively involve communications or documents between the defendant and Phelps. However, in light of Phelps' arguments that this subpoena imposes an undue burden, the court finds it should be limited in time. The defendant's response to Phelps' motion to quash references a "a period of more than two decades" in which Phelps was involved with the "family business," yet the defendant has failed to establish how this entire time period is relevant to this action. The time period imposed on the BancorpSouth subpoenas—from September 16, 2012 through the date of production—is more narrowly tailored to the claims and defenses in this action and therefore, the court limits this subpoena accordingly.

IV. **Conclusion**

For the foregoing reasons, the defendant's Motion to Reconsider, Alter or Amend is granted in part and denied in part. The court rescinds its February 11, 2021 order (Docket 104) and orders as follows:

(1) Gregory D. Pirkle's Motion to Quash Subpoena and for Other Relief (Docket 88) is denied; however, in deposing Mr. Pirkle, the defendant is constrained by the attorney/client privilege, work product protections, and the limitations on discovery imposed by Federal Rule of Civil Procedure 26.
(2) The plaintiffs' Motion to Quash or Limit Subpoenas Duces Tecum on BancorpSouth Bank (Docket 89) is denied.
(3) The plaintiffs' Motion to Quash or Limit Subpoena Duces Tecum to Phelps Dunbar, LLP (Docket 90) is denied.
(4) Phelps Dunbar, LLP's Motion to Quash Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and for Other Relief (Docket 96) is granted as to the subpoena *duces tecum* for corporate documents and denied in part as to the subpoena *duces tecum* for communications involving the defendant. The communications subpoena is limited from September 16, 2012 through the date of production.

**SO ORDERED**, this the 27th day of April, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**