IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**WILEMON FOUNDATION, INC. and**
**R. J. WILEMON, LLC**                                                                                     **PLAINTIFFS**

V.                                                                     CIVIL CAUSE NO.: 1:19-CV-136-GHD-DAS

**DANNY WAYNE WILEMON**                                                                                **DEFENDANT**

### ORDER

Defendant Danny Wayne Wilemon has filed a Motion for Leave to File Second Amended Answer, Defenses, and Counterclaims and a Motion for Joinder and Leave to File Third-Party Complaint. Docket 168, 170. On August 27, 2021, the court amended its Case Management Order deadlines, extending the time for filing motions for joinder of parties or amendments to the pleadings to October 19, 2021, making the defendant's motions timely. Docket 161. The defendant was previously allowed to amend his Answer, Defenses, and Counterclaims on May 13, 2021 and permitted to file a third-party complaint against Phelps Dunbar LLP and Gregory D. Pirkle. Docket 134, 135. On July 8, 2021, the court granted a trial continuance and reset the case management deadlines, including the deadline for motions for joinder of parties or amendments to the pleadings. Docket 161. This case is set for trial on September 12, 2022. Docket 160.

A party desiring to amend its pleadings, where it is not permitted to do so as matter of course, must receive written consent of the opposing party or obtain leave of court. Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15(a) provides that the court should "freely give leave when justice so requires," and the Fifth Circuit has held that "[a]mendments should be liberally allowed." Fed. R. Civ. P. 15(a); *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994)

(citations omitted). The language of Rule 15 clearly favors granting leave to amend. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016).

The district court must have a "substantial reason" to deny a request for leave to amend. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citing *Jamieson v. Shaw,* 772 F.2d 1205, 1208 (5th Cir.1985)). The court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment" in determining whether to grant a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**I.    Affirmative Defenses**

The defendant's proposed amendment seeks to add four additional affirmative defenses: res judicata, collateral estoppel, civil conspiracy to wrongfully terminate the defendant's employment and interfere with his business relations, and a challenge to the constitutionality of punitive damages. Docket 168-1.

Under Federal Rule of Civil Procedure 8(c), a party must state an affirmative defense in response to a pleading. If a defendant fails to raise an affirmative defense in its responsive pleading, it is waived. Fed. R. Civ. P. 12(b); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "However, '[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise...technical failure to comply precisely with Rule 8(c) is not fatal.'" *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009) (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983)). "An affirmative defense is not waived if the defendant 'raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" *Id*. Courts in this circuit "look at the overall context of the

litigation and have found no waiver where no evidence of prejudice exists and sufficient time to respond to the defense remains before trial." *Id*.

In support of his motion, the defendant points to a March 7, 2016 Agreed Order from the Pontotoc County Justice Court as the basis for his proposed res judicata and collateral estoppel affirmative defenses. The defendant explains his counsel received documents from the Pontotoc County Justice Court, including the Agreed Order, on August 24, 2021 and contends the Order bars claims for conversion of certain items and the improper receipt of certain funds.

As for the civil conspiracy defenses, the defendant contends a civil conspiracy existed between the plaintiffs, Shonda Sharpe and Thomas Sharpe, that bars the plaintiffs' recovery under the *in pari delicto* doctrine. Again, the defendant points to the aforementioned Agreed Order as evidence that the plaintiffs, "through their conspiracy with the Sharpes, [were] more at fault than [the defendant]." He claims the plaintiffs conspired with the Sharpes to "allow[] the transactions they complain of to occur for their benefit, both to obtain personal revenge upon [the defendant] and to obtain free access to raid the corporate till…."

The plaintiffs oppose the defendant's motion, arguing the proposed affirmative defenses offer nothing new that the defendant has not already pled and are unnecessary to assert the wrongdoings allegedly committed by the Sharpes. As the defendant notes, the plaintiffs offer no specific objections to his affirmative defense related to punitive damages.

By the defendant's own representations, the proposed res judicata, collateral estoppel, and civil conspiracy affirmative defenses are based on the May 7, 2016 Agreed Order. He states the Pontotoc County Justice Court documents were received after the court granted his first motion to amend his answer, defenses, and counterclaim; however, the Agreed Order was *signed by the defendant more than five years ago*. He offers no explanation as to why the proposed

affirmative defenses were not asserted in his original answer in September 2019 or in his amended answer filed in May 2021. Instead, it appears he is attempting to use the date documents were received to justify amending his answer to include affirmative defenses that were clearly available to him at the onset of this litigation.

While the defendant's undue delay and failure to assert the proposed affirmative defenses in his prior answers favors denying his motion to amend, the plaintiffs do not argue they would be prejudiced and thus the court cannot conclude the delay is undue. Because "delay alone is an insufficient basis for denial of leave to amend" and sufficient time remains before the May 24, 2022 discovery deadline, the defendant is permitted to amend his answer to include the proposed affirmative defenses. *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) ("The delay must be *undue,* i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court.").

## II. Counterclaims and Third-Party Complaint

The defendant's motion to amend includes proposed counterclaims asserting that the plaintiffs conspired with Shonda Sharpe, Tommy Sharpe, and Tommy Sharpe's company HIS Maintenance, LLC to wrongfully terminate him and interfere with his business relations. He contemporaneously moved to join and assert the same claims against Shonda Sharpe, Tommy Sharpe, and HIS Maintenance, LLC in the form of a third-party complaint. Docket 170. The parties argue at great length regarding the propriety of the proposed third-party claims as well as the proper procedural mechanism for joining additional parties; however, the court does not need to evaluate these arguments because the defendant's delay asserting the claims dictates the court's finding.

The defendant contends that documents produced by BancorpSouth on June 8, 2020 and June 30, 2021 show over $300,000 worth of payments issued by Shonda Sharpe from the plaintiff to Shonda Sharpe, Tommy Sharpe, and Tommy Sharpe's company, HIS Maintenance, LLC. Docket 168. However, the defendant admits his proposed counterclaims and third-party claims "do not 'arise' from the $300,590.63 that the Sharpes appear to have converted or embezzled for their personal use after wrongfully terminating [him]." Docket 184. Rather, the defendant maintains that these payments are "simply additional evidence from which a jury can draw the conclusion that the reason Plaintiffs, in conspiracy with each other and the Sharpes, wrongfully terminated Mr. Wilemon was not simply revenge, but also pecuniary in nature." Docket 184. The defendant admits that his proposed civil conspiracy claims are not based on information discovered in BancorpSouth's production of documents, but that the civil conspiracy claims for wrongful termination and interference with business relations *"occurred beforehand."* Docket 184 (emphasis added).

The proposed counterclaims and third-party claims are based in part on the May 7, 2016 Agreed Order as well as the defendant's alleged wrongful termination on June 21, 2017; however, the defendant did not move to assert these claims for more than three years *after* the original Complaint against him was filed. Despite any new information obtained from the BancorpSouth documents, the defendant was clearly aware of the facts giving rise to the claims he is now attempting to assert as they admittedly occurred in 2016 and 2017. Additionally, the defendant previously asserted "crossclaims" against Shonda Sharpe and Tommy Sharpe related to Shonda Sharpe's "hostile takeover" of the Wilemon Foundation and her "mismanagement of the Company," including paying "exorbitant salaries" to herself and Tommy Sharpe. Docket 12.

While these claims were dismissed as procedurally improper in September 2019, the defendant is only now – two years later – seeking to assert claims arising from the same incident. Docket 12.

Despite the liberal policy under Rule 15(a), permitting the defendant to assert the proposed counterclaims and join additional parties would unduly delay and further complicate this litigation. The proposed counterclaims have been available to the defendant since the plaintiffs filed the complaint, and he is only now attempting to join and reassert claims against Shonda Sharpe and Tommy Sharpe after their dismissal in 2019. For these reasons and because a further trial continuance is unavailable, the court sees no reason to excuse the defendant's tardiness.

Accordingly, Defendant Danny Wayne Wilemon's Motion for Leave to File Second Amended Answer, Defenses, and Counterclaims is **GRANTED IN PART AND DENIED IN PART.** He is permitted to file the Second Amended Answer, Defenses, and Counterclaims only insofar as it includes the amended affirmative defenses set forth in Exhibit 1 to his Motion (Docket 168-1). The request to amend his counterclaims is **DENIED**. The Defendant's Motion for Joinder and Leave to File Third-Party Complaint is **DENIED.** The defendant has seven days from the date of this Order to file his Second Amended Answer, Defenses, and Counterclaims as permitted by this Order.

**SO ORDERED**, this the 10th day of December, 2021.

/s/ David A. Sanders  
**UNITED STATES MAGISTRATE JUDGE**