IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| **WILEMON FOUNDATION, INC. and** | |
| **R. J. WILEMON, LLC** | **PLAINTIFFS** |
| | |
| V. | CIVIL CAUSE NO.: 1:19-CV-136-GHD-DAS |
| | |
| **DANNY WAYNE WILEMON** | **DEFENDANT/THIRD-PARTY PLAINTIFF** |
| | |
| V. | |
| | |
| **PHELPS DUNBAR, LLP AND** | |
| **GREGORY D. PIRKLE** | **THIRD-PARTY DEFENDANTS** |

### ORDER

On October 26, 2021, non-parties Thomas Sharpe ("Sharpe") and HIS Maintenance, LLC ("HIS Maintenance") filed a motion to quash the subpoena Danny Wayne Wilemon served on BancorpSouth Bank. Docket 172. HIS Maintenance separately moved to quash the subpoena Danny Wayne Wilemon served on BankPlus. Docket 173.

Defendant Wilemon's subpoena to BancorpSouth Bank seeks

> All account agreements, resolutions, corporate actions/authorizations, account records, statements, withdrawal and deposit records and tickets, check images (including reverse sides), ACH and other electronic transfer records (including recipient identity), and financial instruments for accounts into which (a) checks or other amounts drawn upon or from the account owned by R.J. Wilemon LLC (No. -903-6) and which were (b) payable to either (i) HIS Maintenance, LLC, (ii) HIS Maintenance, (iii) Thomas Sharpe, or (iv) Tom Sharp, and which were (c) deposited from 9/7/2017 through the date of your production in response to this subpoena.

The subpoena to BankPlus requests:

> All account agreements, resolutions, corporate actions/authorizations, account records, statements, withdrawal and deposit records and tickets, check images (including the reverse side of all checks), ACH and other electronic transfer records (including recipient identity), and financial instruments for HIS Maintenance, LLC into which any check or other manner of payment from R.J. Wilemon, LLC or Wilemon Foundation, Inc. was deposited (see attached check no. 9839 dated

>9/7/17) from September 7, 2017 through the date of your production in response to this subpoena.

Sharpe and HIS Management contend they have standing to challenge these subpoenas because they request "confidential business information" including

>a. Revenue generated by His Maintenance, LLC from R.J. Wilemon LLC;
>b. Information from which pricing agreements for services between HIS Maintenance, LLC with R.J. Wilemon, LLC could be gleaned;
>c. Information from which the scope of services performed by HIS Maintenance, LLC for R.J. Wilemon, LLC could be gleaned; and
>d. Information from which billing and payment agreements between HIS Maintenance, LLC and R.J. Wilemon, LLC could be gleaned.

Docket 172; 173; *see also Declaration of Thomas Sharpe*, Docket 172-1, 173-1. In balancing the relevance of the information sought against the movants' privacy interest, Sharpe and HIS Management contend the subpoenas should be quashed.

A person must have standing to challenge a subpoena directed at a nonparty. 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 45; *Mitchell v. Cenlar Cap. Corp.*, No. 3:16-CV-814-WHB-JCG, 2018 WL 10408902, at *1 (S.D. Miss. Feb. 28, 2018) (internal citation omitted). Ordinarily, a person does not have standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents. *Id*. (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)); *Coleman v. Swift Transportation Co. of Arizona, LLC*, No. 3:13CV3-M-A, 2013 WL 12178160, at *2 (N.D. Miss. Aug. 23, 2013) (citing 9A Charles Wright & Arthur Miller, *Federal Practice & Procedure*, § 2459). Generally speaking, a person has standing to challenge a subpoena issued to a non-party if the subpoena seeks confidential or protected information sensitive to the movant. *See Brown v. Braddick,* 595 F.2d at 967 (finding that a party did not have standing to challenge a subpoena without asserting some personal right or privilege); *see also Ezell v. Parker*, No. 2:14-CV-150-KS-MTP, 2015 WL 859033, at *1 (S.D. Miss. Feb. 27,

2015) ("a party has standing to challenge a subpoena issued to a non-party if the subpoena seeks proprietary, confidential, or protected information sensitive to the party").

While there is little case law on what constitutes a "personal right or privilege," courts "have generally found standing when the party had an evidentiary privilege as to the documents." *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 785 (S.D. Tex. 2005). Considering requests for bank records, "courts have recognized that bank documents contain only information voluntarily conveyed to the banks, to which a depositor has no legitimate expectation of privacy." *Higar v. Task Force of Texas, LLC*, No. 217CV00060JRGRSP, 2018 WL 4999962, at *1 (E.D. Tex. May 28, 2018) (citing *United States v. Miller*, 425 U.S. 435, 442–43 (1976) (noting "[t]he depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to [another]") and *United States v. Gordon*, 247 F.R.D. 509, 510 (E.D.N.C. 2007) ("Typically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank, in which the party has no personal right")).[1] While some courts have held that a person's claimed privilege as to personal bank account records is sufficient to confer standing for purposes of challenging a subpoena, the person must offer more than "vague

---

[1] In their motions, Sharpe and HIS Maintenance contend that "*Miller*, and its progeny, apply only to bank records sought by the government in the context of a criminal prosecution" and "has no applicability to whether irrelevant bank records are freely discoverable in a civil action." Docket 172, 173. The court disagrees. First, the relevance of the information sought by the subject subpoenas is not presently before the court. *See Keybank Nat. Ass'n. v. Perkins Rowe Assocs., L.L.C.*, No. CIV.A. 09-497-JJB-SR, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011) (a person may not challenge a subpoena made to a third-party on the grounds that the information sought is not relevant or imposes an undue burden). *Miller* has been applied in civil actions for its holding that a bank customer has no legitimate expectation of privacy in his bank records. *See, e.g.*, *Clayton Brokerage Co. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980) (holding that under *Miller*, the financial records sought from a third-party bank "are not the bank customer's private papers; they are, rather, the business records of the bank" in which the customer has no legitimate expectation of privacy and thus no standing to challenge a subpoena for same). Additionally, Sharpe and HIS Maintenance incorrectly maintain the Right to Financial Privacy Act creates a basis upon which "bank customers have every reason to believe that their banking information is private." Docket 172, 173. Yet *Clayton Brokerage Company of St. Louis v. Clement*, expressly found that "[n]othing in the [Right to Financial Privacy] Act, however, shields the records of a bank customer's transactions from discovery in a civil suit." *Id*. at 571.

legal conclusions and speculat[ions]" about the existence of a threatened personal privilege to actually succeed on the motion. *United States v. Gordon*, 247 F.R.D. at 510 (internal citation omitted).

In response to the motion to quash, Defendant Wilemon asserts that the movants' "vague legal conclusions of the privilege of 'confidential and protected business and personal information' and of 'highly private business information' and speculation about what 'could be gleaned' are not only insufficient to confer standing, but also insufficient to assert any cognizable privilege under Mississippi law." Docket 177. Wilemon contends the bank records sought by the subpoenas are sufficiently limited and "highly relevant to issues raised by Plaintiffs in this case, i.e., 'reasonably compensation' and to one of [his] core defenses, 'reasonable compensation.'" Docket 178.

While the relevance of the information sought by the subject subpoenas is not before the court,[2] the court agrees with the defendant that the movants' blanket assertions that the BancorpSouth Bank and BankPlus subpoenas reveal "private confidential business information" are insufficient to confer standing. There is nothing inherently privileged about bank records potentially evidencing revenue generated, pricing agreements for services, the scope of services performed, or information from which billing and payment agreements could be gleaned. Even if this court found Sharpe's and HIS Maintenance's claims of privilege sufficient to confer standing, they have offered nothing more than "vague legal conclusions and speculat[ions]" about the existence of a threatened personal privilege and thus cannot succeed on their motion. *See United States v. Gordon*, 247 F.R.D. at 510.

---

[2] *See* fn. 1 (citing *Keybank Nat. Ass'n. v. Perkins Rowe Assocs., L.L.C.*, No. CIV.A. 09-497-JJB-SR, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011)).

Because Sharpe and HIS Maintenance LLC have failed to identify any personal right or privilege with respect to their own business records, their motion to quash is **DENIED.**

**SO ORDERED**, this the 15th day of December, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**
